# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Rick Lee Buchanan,<br><br>  Plaintiff,<br><br>v.<br><br>Just Busted Paper,<br><br>  Defendant. | Case No. 13-CIV-268-RAW |

## OPINION AND ORDER

Before the court is Plaintiff's Complaint [Docket No. 1] and Motion for Leave to Proceed *in Forma Pauperis* ("IFP") [Docket No. 2]. The motion for IFP is granted. Plaintiff filed this lawsuit against Just Busted Paper for "defamation of character and me as a United States citizen not being able to protect myself in everyway."

The court construes Plaintiff's allegations liberally as he is *pro se. See Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff must allege the following regarding a claim for defamation: (1) defendant made a false and defamatory statement concerning plaintiff; (2) defendant made an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher, and (4) that plaintiff suffered actual harm to his reputation as a result of the false statement in the article. *Peterson v. Grisham*, 594 F.3d 723, 728 (10th Cir. 2010). The complaint fails to allege the requisite facts to support a claim for defamation. Further, the complaint does not even allege that the publication regarding the Defendant was false. Plaintiff only complains that the publication "portrays me of something

other than a citizen of the U.S." Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).*

## 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal--
>   **(I)** is frivolous or malicious;
>   **(ii)** fails to state a claim on which relief may be granted; or
>   **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994). In the instant case, the court finds there is no cognizable claim under the statutes cited by Plaintiff.

---

* Additionally, it does not appear that this court has jurisdiction over the matter, as Plaintiff has not pled diversity of citizenship or made a federal claim.

## *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" Id. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

## Conclusion

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [Docket No. 2] is granted.

The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. The court finds that Plaintiff's action is frivolous, and that Plaintiff fails to state a claim on which relief can be granted. This matter is dismissed with prejudice.

Dated this 21st day of June, 2013.

**Dated this 21ˢᵗ day of June, 2013.**

*Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma